1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   DANA E. BAKER,                                    CASE NO. 06cv1676 DMS (CAB)
12                              Petitioner,       **ORDER (1) ADOPTING**
                                                 **MAGISTRATE JUDGE'S REPORT**
          vs.                                    **AND RECOMMENDATION AND**
13                                               **(2) DENYING PETITION FOR**
14   K.K. CLARK, Warden, et al.,                 **WRIT OF HABEAS CORPUS**

                              Respondents.
15

16          On March 13, 2009, this Court stayed this case pending a decision from the Ninth Circuit in

17   *Hayward v. Marshall*, Case Number 06-55392.  That decision issued on April 22, 2010, *see Hayward*

18   *v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (*en banc*), and thus the stay is hereby lifted.  After reviewing

19   the *Hayward* decision, and having reviewed *de novo* the Magistrate Judge's Report and

20   Recommendation, the Court adopts the recommendation and denies the Petition.

21                                              **I.**

22                                         **DISCUSSION**

23          In the present case, Petitioner alleges the Board of Prison Hearings ("Board") violated his right

24   to due process when it denied him parole in 2003.  Specifically, Petitioner argues the Board continues

25   to rely on Petitioner's commitment offense in denying him parole, and there is no evidence to support

26   the Board's findings that the commitment offense demonstrated disregard for human suffering, the

27   motive for the killing was trivial, and that Petitioner's juvenile offenses involved violence.  Petitioner

28   presented these claims at each level of the state courts, all of which denied the claims.  The court of

appeal issued the last reasoned decision on Petitioner's claim,[1] (*see* Notice of Lodgment in Supp. of Answer, Lodgment 8), and Respondent asserts that decision did not involve an unreasonable application of clearly established federal law, nor did it involve an unreasonable determination of the facts in light of the evidence presented. The Magistrate Judge agreed with Respondent, and therefore recommended that the Petition be denied. Petitioner filed objections to that recommendation, which the Court addresses below.

**A.      Standard of Review**

Because Petitioner filed his habeas corpus petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court's review is limited by the provisions set forth in 28 U.S.C. § 2254(d). Under this Section, a habeas petitioner is not entitled to relief unless he can demonstrate that the state court's adjudication of his claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

According to the Supreme Court, Section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings," and "demands that state court decisions be given the benefit of the doubt." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (citing *Lindh v. Murphy*, 521 U.S. 320, 333 (1997); *Woodford v. Visciotti*, 537 U.S. 19 (2002)). The Supreme Court reemphasized the deferential standard of review imposed by AEDPA when it reversed the Ninth Circuit's grant of a habeas petition for "fail[ing] to give appropriate deference to the state court's decision." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court clarified the terms "contrary to" and "unreasonable application of" under Section 2254(d)(1). A state court's decision is "contrary to" clearly established federal law if it fails to apply the correct controlling authority, or if it applies

---

[1] The Magistrate Judge found the last reasoned decision came from the superior court, and based its analysis on that decision. (*See* Docket No. 25 at 8.) This Court disagrees with that finding, and bases its analysis on the court of appeal opinion.

the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result. *Id.* at 405. On the other hand,

> a state court's decision involves an "unreasonable application of" federal law if it either (1) correctly identifies the correct governing legal rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.

*Id.* at 407. The Supreme Court has repeatedly emphasized that "an unreasonable application of federal law is different from an incorrect application of federal law." *Clark*, 331 F.3d at 1067 (citing *Williams*, 529 U.S. at 410). *See also Woodford*, 537 U.S. at 24 (a federal court may not "substitute its own judgment for that of the state court, in contravention of 28 U.S.C. § 2254(d)."); *Penry v. Johnson*, 532 U.S. 782, 793 (2001) ("Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.") Thus, a "federal habeas court may not issue [a] writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the application must be objectively unreasonable. *Yarborough v. Alvarado*, 541 U.S. 652, 665-66 (2004).

In addition, when ruling on a habeas petition under AEDPA, the key inquiry is not whether the state court "erred." In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the Supreme Court did "not reach the question whether the state court erred" in deciding whether habeas relief should be granted, but rather focused "solely on whether § 2254(d) forecloses habeas relief." *Id.* at 71. In doing so, the Supreme Court overruled the Ninth Circuit's previous requirement that federal habeas courts review the state decision *de novo* before applying the AEDPA standard of review, and expressly held that the only question that matters under Section 2254(d)(1) is whether the state court decision is contrary to, or involved an unreasonable application of, clearly established federal law. *Id.*

A similar inquiry applies under Section 2254(d)(2). That portion of the statute provides for habeas relief only if the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. In a recent case, the Supreme Court clarified "that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, ___ U.S.

1    ___, 130 S.Ct. 841, 849 (2010).  Or stated another way, "a federal court may not second-guess a state

2    court's fact-finding process unless, after review of the state-court record, it determines that the state

3    court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th

4    Cir. 2004).

5    **B.    Denial of Parole**

6    Turning to the claim at issue here, there was a dispute about "whether federal constitutional

7    law imposes on the states a requirement for some quantum of evidence to support a state's denial of

8    parole[.]"  *Hayward*, 600 F.3d at 549.  The Ninth Circuit resolved that dispute in *Hayward*, wherein

9    it rejected the idea "that a parole-eligible prisoner has a constitutional right to be released unless there

10   is 'some evidence' of future dangerousness."  *Id.* at 555. Rather, the court held, "If there is any right

11   to release on parole, or to release in the absence of some evidence of future dangerousness, it has to

12   arise from substantive state law creating a right to release."  *Id.*  The court then considered the

13   California parole statute, and determined that it provided such a right. *Id.* at 561-62.  Specifically, the

14   court found that "'some evidence' of future dangerousness is indeed a state *sine qua non* for denial

15   of parole in California."  *Id.* at 562.  Based on this understanding of California law, the Ninth Circuit

16   stated that federal courts reviewing habeas claims challenging a denial of parole "need only decide

17   whether the California judicial decision approving the governor's decision rejecting parole was an

18   'unreasonable application' of the California 'some evidence' requirement, or was 'based on an

19   unreasonable determination of the facts in light of the evidence.'"  *Id.* at 563.

20   **C.    The State Court's Decision**

21   Here, the court of appeal decision is directed to the Board's denial of parole.  The court of

22   appeal set out the "some evidence" standard, stating:

23       "[T]he judicial branch is authorized to review the factual basis of a decision of the
         Board denying parole in order to ensure that the decision comports with the
24       requirements of due process of law, but that in conducting such a review, the court
         may inquire only whether some evidence in the record before the Board supports the
25       decision to deny parole, based upon the factors specified by statute and regulation."

26   (Lodgment 8 at 2) (quoting *In re Rosenkrantz*, 29 Cal. 4th 616, 658 (2002)).  The court then set out the

27   facts of Petitioner's commitment offense, and stated that the nature of the prisoner's offense "alone"

28   / / /

1   could constitute a sufficient basis for denying parole, as long as the Board did not fail to consider other

2   relevant factors.   (*Id.*)[2]   The court then concluded that Petitioner was not denied due process,

3   reasoning:

> The facts of Baker's crime constitute some evidence to support the Board's finding that
> the motive for the murder was trivial and that Baker showed disregard for the life of
> another.  Baker shot an unarmed acquaintance to recover illegal drugs.  The Board's
> reliance on Baker's behavior in prison also supports the unsuitability finding:  Baker
> has received 12 disciplinary violations since being incarcerated in 1989, including
> mutual combat as recent as July 1999.  The Board was required to consider Baker's
> criminal history and juvenile record (§ 2402, subds. (b) & (d)(1)).

8   (*Id.*)

9       Clearly, this decision was not contrary to, nor did it involve an unreasonable application of,

10  clearly established federal law.  The court of appeal analyzed whether there was some evidence to

11  support the denial of Petitioner's parole based on the relevant factors.  Contrary to Petitioner's

12  suggestion, it was not unreasonable for the court of appeal to reject Petitioner's claim that the Board

13  denied him due process by continuing to rely on his commitment offense.  As stated by the court of

14  appeal, the Board may consider the commitment offense in making its parole decision, as long as it

15  also considers other relevant factors, and the BPH did just that in Petitioner's case.  (*See* Notice of

16  Lodgment, Lodgment 5 at 61-68.)  Thus, the court of appeal's decision was not contrary to, and it did

17  not involve an unreasonable application of, clearly established federal law.

18      Nor was the court of appeal's opinion based on an unreasonable determination of the facts in

19  light of the evidence presented to the Board.  Petitioner takes issue with the Board's findings that the

20  commitment offense was particularly egregious and demonstrated callous disregard for human

21  / / /

22  _____

23  [2] The California Supreme Court modified this test in *In re Lawrence*, 44 Cal. 4th 1181 (2008).
    In that case, the court concluded "that although the Board and the Governor may rely upon the
    aggravated circumstances of the commitment offense as a basis for a decision denying parole, the
24  aggravated nature of the crime does not in and of itself provide some evidence of *current*
    dangerousness to the public unless the record also establishes that something in the prisoner's pre- or
25  post-incarceration history, or his or her current demeanor and mental state, indicates that the
    implications regarding the prisoner's dangerousness that derive from his or her commission of the
26  commitment offense remain probative to the statutory determination of a continuing threat to public
    safety."  *Id.* at 1214.  Thus, although the court of appeal applied the appropriate test at the time,
27  judicial review of parole decisions in California is now subject to a different standard.  *See Cooke v.*
    *Solis*, ___ F.3d ___, No. 06-15444, 2010 WL 2330283, at *7 (9th Cir. June 4, 2010) (stating "there
28  must be more than the crime or its circumstances alone to justify the Board's or the Governor's
    finding of current dangerousness.")

1  suffering, that the motive for the crime was trivial, and that his juvenile record supported a finding of

2  unsuitability for parole.  However, none of these issues warrants habeas relief.

3       First, the Board did not find that Petitioner's commitment offense was particularly egregious.

4  Although the Board recounted the facts underlying Petitioner's conviction, many of which Petitioner

5  does not dispute, it did not make the finding Petitioner attributes to the Board.  Accordingly, this

6  argument does not warrant habeas relief.

7       Second, there was some evidence to support the Board's finding that the commitment offense

8  "shows a lack of regard for the life of another," (*id.* at 61), and "[t]he motive for the crime is certainly

9  trivial."  (*Id.* at 62.)  Petitioner does not dispute that he was involved in an argument with the victim

10 over illegal drugs, that he left the scene of the argument and then returned to the scene with other

11 people and a gun, and that he then shot and killed the victim.  Contrary to Petitioner's assertion, these

12 facts provide some evidence to support the Board's findings.  (*Id.*)

13      Petitioner's final argument concerns the Board's use of Petitioner's juvenile record to support

14 its finding of unsuitability.   The court of appeal found the Board was "required to consider

15 [Petitioner's] criminal history and juvenile record" according to Title 15 Cal. Code Regs. § 2402(b)

16 and (d)(1).  Section 2402(b) lists "past criminal history" as a factor that may be relevant to the Board's

17 determination of suitability for parole, and Section 2402(d)(1) identifies the lack of a juvenile record

18 as a factor demonstrating suitability for parole.  In this case, Petitioner's criminal history was limited

19 to his juvenile record,[3] and included one charge of burglary, two charges of possession of stolen

20 property, and one charge of auto theft.  (*See* Lodgment 3 at 6; Lodgment 5 at 62.)  It is unclear from

21 the record whether Petitioner's burglary true finding involves a residential burglary or an automobile

22 burglary.  Construing the record in favor of Petitioner, none of these charges evidenced "a record of

23 assaulting others as a juvenile or committing crimes with a potential of personal harm to victims."

24 Cal. Code Regs. tit. 15, § 2402(d)(1).  Thus, as Petitioner asserts, "the fact that he has no criminal

25 record of violence is a parole suitability factor, not an unsuitability factor."  *Hodge v. Carey*, No. CIV

26 S-060483 FCD CHS P, 2010 WL 1728063, at *25 (E.D. Cal. Apr. 27, 2010).

27

28      [3] Petitioner was nineteen years old at the time of the commitment offense.  (Mem. of P. & A. in Supp. of Pet. at 4.)

1   Nevertheless, the Board's use of Petitioner's juvenile record, and the court of appeal's review

2   of that issue, does not render the court of appeal's decision unreasonable.  As stated in *Hayward*,

3   "[t]he crucial determinant of whether the prisoner gets parole in California is 'consideration of the

4   public safety.'"  603 F.3d at 561 (citations omitted).  That was the basis for the Board's unsuitability

5   finding here, and that finding was based on factors other than Petitioner's juvenile record.  (Lodgment

6   5 at 61-68.)  Specifically, the Board relied on the nature of the commitment offense, as described

7   above, and Petitioner's misconduct while in prison, including his involvement in fourteen 115s,[4] and

8   his eighteen

9   counseling chronos.[5]  Petitioner has not shown that the court of appeal's decision was unreasonable.

10   ## II.

11   ## CONCLUSION

12   Upon due consideration of the arguments presented in the written briefs, a review of the record,

13   and for the reasons stated, the Court **ADOPTS** the R&R and **DENIES** the Petition for a Writ of

14   Habeas Corpus.  The Clerk shall terminate this civil action.

15   **IT IS SO ORDERED**.

16   DATED:  June 17, 2010

17   _____

18   HON. DANA M. SABRAW
     United States District Judge

19

20

21

22

23

24

---

25   [4]  A CDC  Form 115 or Rules Violation Report is the document used by prison officials to report "misconduct [which] is believed to be a violation of law or is not minor in nature."  Cal. Code

26   Regs., tit. 15, § 3312(a)(3).  The record reflects that Petitioner received 115s for a fistfight, resisting staff, conspiracy to introduce narcotics into the institution, and more recently for disobeying an order,

27   mutual combat, and entering an area deemed to be out of bounds.  (*See* Lodgment 5 at 42, 49.)

28   [5]  "When similar minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed, a description of the misconduct and counseling provided shall be documented on a CDC Form 128-A, Custodial Counseling Chrono."  Cal. Code Regs. tit. 15, § 3312(a)(2).